United States District Court
Northern District of California

1
2
3
4
5
6

UNITED STATES DISTRICT COURT

7

NORTHERN DISTRICT OF CALIFORNIA

8

9   WILLIE L. BOLDS,                        Case No. 16-cv-02449-JSC

10                     Plaintiff,

11          v.                               **ORDER OF DISMISSAL**

12   D. ASUNCION,

13                     Defendant.

14

15                              **INTRODUCTION**

16          Petitioner, a prisoner of the State of California proceeding pro se, filed a petition for a writ

17   of habeas corpus under 28 U.S.C. § 2254 challenging his sentence.[1]  He has paid the filing fee.

18   Because the petition does not state a cognizable claim for relief, it is DISMISSED.

19                              **BACKGROUND**

20          In 1988, Petitioner was convicted of attempted first-degree murder and other related

21   offenses in San Francisco County Superior Court.  He received a sentence of life in prison without

22   the possibility of parole.  The California Court of Appeal affirmed the judgment in 1990.

23   Petitioner indicates that he did not file an appeal with the California Supreme Court.  (Petition at

24

25   3.)

26

27

28   ---
     [1] Petitioner has consented to the jurisdiction of a United States Magistrate Judge pursuant to 28
     U.S.C. § 636(c).  (Dkt. No. 3.)

Petitioner filed a number of post-conviction petitions. (*See*, *e.g.*, *id.* at 3-4.) As relevant to the claims raised in the instant petition, on April 18, 2014, he filed a petition for a writ of mandate to the California Court of Appeal, which was construed as a petition for a writ of habeas corpus and summarily denied on April 23, 2014. (*See* ECF No. 2 Exh. B at Exh. B.)[2] The California Court of Appeal explained that it was construed as a petition for a writ of habeas corpus because a petition for a writ of habeas corpus is the only means for a prisoner to challenge the lawfulness of his restraint, and that it lacked merit because it was based on a repealed section of the California Penal Code. (*See id.*) Petitioner thereafter filed several petitions in the California Court of Appeal challenging the April 23, 2014, Order, all of which were denied, including two petitions for a writ of error coram vobis denied on July 24, 2014, and August 20, 2014, respectively. (*See id.* at Exhs. A & B.) Presiding Judge Humes was on the panel that denied both of these petitions. (*See id.*)

On March 2, 2016, Petitioner filed a petition for a writ of mandate in the California Supreme Court. (*See* ECF No. 2 Exh. B.) He argued that under California Penal Code Section 170.1, Judge Humes should have been disqualified from denying the second petition for a writ of error coram vobis because he had also participated in denying the first one. The California Supreme Court summarily denied the petition for a writ of mandate on April 13, 2016. (*See* ECF No. 2 Exh. A.)

**DISCUSSION**

I.      Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It

---

[2] This procedural background is taken from the August 20, 2014 opinion of the California Court of Appeal which appears as Exhibit B to the petition for a writ of mandate Petitioner filed in the California Supreme Court. The petition for a writ of mandate to the California Supreme Court has been filed as Exhibit B to the instant habeas petition. (*See* ECF No. 2, Exh. B.)

United States District Court
Northern District of California

United States District Court
Northern District of California

1

2

3

shall "award the writ or issue an order directing the respondent to show cause why the writ should

not be granted, unless it appears from the application that the applicant or person detained is not

entitled thereto." *Id.* § 2243.

4

II.      Legal Claims

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

In his first claim, Petitioner argues that his right to due process was violated because

Presiding Judge Humes participated in denying both petitions for a writ of error coram vobis. The

Court is aware of no authority prohibiting Judge Humes from doing so, let alone that doing so

violates Petitioner's constitutional right to due process. In any event, errors in the state post-

conviction review process are not addressable through federal habeas corpus proceedings. *Ortiz v.

Stewart*, 149 F.3d 923, 939 (9th Cir. 1998); *Gerlaugh v. Stewart*, 129 F.3d 1027, 1045 (9th Cir.

1997). Such errors generally do not represent an attack on the prisoner's detention and therefore

are not proper grounds for habeas relief. *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989).

They instead generally pertain to the review process itself and not to the constitutionality of a state

conviction. *See, e.g.*, 28 U.S.C. § 2254(i) (claims of ineffective assistance of counsel during state

or federal collateral post-conviction proceedings not cognizable on federal habeas review);

*Franzen*, 877 F.2d at 26 (delay in state habeas proceeding not addressable in federal habeas);

*Hopkinson v. Shillinger*, 866 F.2d 1185, 1218-20 (10th Cir. 1989) (state court's summary denial of

petition for post-conviction relief is procedural deficiency in review process that does no violence

to federal constitutional rights); *Millard v. Lynaugh*, 810 F.2d 1403, 1410 (5th Cir. 1987) (denial

of hearing on state collateral proceedings not addressable in federal habeas), cert. denied, 484 U.S.

838 (1987); *see also Application of Gordon*, 157 F.2d 659, 660 (9th Cir. 1946) (allegation that

state court decided appeal improperly not enough to state claim in federal habeas). Because

Petitioner's first claim asserts an error in the state's post-conviction review process, it does not

present cognizable grounds for federal habeas relief.

28

Petitioner's second claim also asserts an error in the state's post-conviction review process. He argues that under California Penal Code Section 170.1 the California Supreme Court was required to grant his petition for a writ of mandate because Judge Humes participated in denying both petitions for a writ of coram vobis. He claims that the failure to grant the petition violated his liberty interest protected by the federal constitutional guarantee of due process. Because this claim also asserts an error in the state's post-conviction review process, it is not a cognizable basis for federal habeas relief.

### CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DISMISSED.

Rule 11(a) of the Rules Governing Section 2254 Cases requires a district court to rule on whether a Petitioner is entitled to a certificate of appealability in the same order in which the petition is decided. No reasonable jurist would find this Court's dismissal of his claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: July 8, 2016

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

4

United States District Court
Northern District of California

1
2
3
4                    UNITED STATES DISTRICT COURT
5                   NORTHERN DISTRICT OF CALIFORNIA
6

7   WILLIE L. BOLDS,                          Case No.  16-cv-02449-JSC

              Plaintiff,
8
9        v.                                  **CERTIFICATE  OF SERVICE**

10  D. ASUNCION,

              Defendant.
11

12        I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S.

13  District Court, Northern District of California.

14        That on July 8, 2016, I SERVED a true and correct copy(ies) of the attached, by placing

15  said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by

16  depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery

17  receptacle located in the Clerk's office.

18

19  Willie L. Bolds ID: E-00865
    CSP-Lancaster
20  P.O. Box 4430
    Lancaster, CA 93539
21

22

23  Dated: July 8, 2016

24

25                              Susan Y. Soong
                               Clerk, United States District Court
26
27  By:_____
                               Ada Means, Deputy Clerk to the
28                             Honorable JACQUELINE  SCOTT CORLEY

                                      5